IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Benjamin Hahn and Sherry Hahn, His Wife, Plaintiffs, | CIVIL ACTION – LAW |
| Plaintiffs | NO. |
| vs. | JUDGE: |
| Kawneer Company Inc. | ELECTRONICALLY FILED |
| Defendant | |

# COMPLAINT

## PARTIES

1. Plaintiff Benjamin Hahn is an adult individual who resides at 35 N 8th Street Lewisburg, Union County, Pennsylvania 17837.

2. Plaintiff Sherry Hahn is an adult individual who resides at 35 N 8th Street, Lewisburg, Union County, Pennsylvania 17837.

3. At the time of the occurrences set forth herein, Plaintiffs Benjamin Hahn and Sherry Hahn were husband and wife.

4. Defendant, Kawneer Company Inc., upon information and belief, is a corporation organized under the laws of the State of Delaware, and maintains a principal place of business at address Corporate Headquarters,

   Kawneer North America, 555 Guthridge Ct., Technology Park/Atlanta, Norcross, GA 30092

5. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1332(a), by virtue of the diversity of citizenship between the parties. Further, the matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. This action is properly brought in this District, pursuant to 28 U.S.C. Section 1391(a)(2) because the events giving rise to the Plaintiff Benjamin Hahn's claim occurred within the District, to wit, a slip and fall.

7. On or about December 5, 2014 at approximately 5:00 a.m., Plaintiff Benjamin Hahn while in the employ of Watsontown Trucking Company was directed to pick up a trailer at property owned by Defendant Kawneer Company, Inc. located at 500 East 12th Street, Bloomsburg, Columbia County, Pennsylvania.

8. The parking lot where the trailer was located was only illuminated at one end, but the parking lot next to it, which was for automobiles, was entirely lit.

9. Plaintiff Benjamin Hahn had connected the trailer to the cab of the truck and had gotten back out of the cab to double check everything before leaving when he slipped and fell on ice that had accumulated in the parking lot.

10. Plaintiff Benjamin Hahn did not notice the ice prior to his fall.

11. Plaintiff Benjamin Hahn crawled to the cab, where his cell phone was located, and called the ambulance.

## COUNT I
## NEGLIGENCE

12. The preceding paragraphs 1 to 11 are incorporated herein by reference as though fully set forth.

13. The injuries suffered by Plaintiff, Benjamin Hahn, were caused by the negligence, carelessness, and recklessness of Defendant in:

   (a) Failing to clear ice and snow from the premises;

   (b) Allowing ice to accumulate on the premises;

   (c) Failing to give warning of the unsafe conditions of the premises;

   (d) Failing to post signs or other warnings of the unsafe conditions of the premises;

   (e) Failing to advise of the risks of the unsafe conditions of the premises;

   (f) Failing to correct or make repairs to icy or unsafe conditions of the premises; and

   (g) Failure to hire competent employees to regularly inspect the parking lot for ice and correct or treat said conditions.

   (h) Failing to salt or cinder the premises.

14. As a direct and proximate result of Defendant's negligence, Plaintiff Benjamin Hahn has suffered as follows:

(a) Plaintiff has suffered unnecessary injuries including but not limited to a right diaphyseal distal mid third tibial shaft fracture which required surgery with internal fixation with rods and nails;

(b) Plaintiff is the victim of past, present, and future pain and suffering;

(c) Plaintiff is the victim of past, present, and future physical disability;

(d) Plaintiff has past, present, and future expenditures for medical bills;

(e) Plaintiff has losses with respect to past, present, and future financial losses, lost wages and earning capacity and general expenses and bills;

(f) Plaintiff has suffered humiliation, embarrassment, and emotional distress and has sustained such other damages as are properly allowable by Pennsylvania Law.

**WHEREFORE,** Plaintiff Benjamin Hahn requests that judgment be entered in his favor and against Defendant in an amount in excess of $75,000.00, exclusive of interest and costs.

## COUNT II
## LOSS OF CONSORTIUM

15. The preceding paragraphs 1 to 14 are incorporated herein by reference as though fully set forth.

16. As a direct and proximate result Plaintiff Sherry Hahn has suffered the loss of assistance, companionship, consortium and society of her husband, Benjamin Hahn, all of which have been to her great damages and loss.

**WHEREFORE,** Plaintiff Sherry Hahn requests that judgment be entered in her favor and against Defendant in an amount in excess of $75,000.00, exclusive of interest and costs.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues that may be tried by jury.

**THE WAFFENSCHMIDT LAW FIRM, LLC**

_____
Thomas Waffenschmidt, Esquire
I.D. No. 59214
Attorney for Plaintiffs:
Benjamin Hahn and Sherry Hahn
811 South Market Street
South Williamsport, PA 17702
Telephone: (570) 505-3015
Facsimile: (570) 505-3569
E-mail: Tom@waffenlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Benjamin Hahn and Sherry Hahn,<br>His Wife, Plaintiffs,<br>    Plaintiffs<br>vs.<br><br>Kawneer Company Inc.<br>    Defendant | CIVIL ACTION – LAW<br><br>NO.<br><br>JUDGE:<br><br>ELECTRONICALLY FILED |

## CERTIFICATE OF SERVICE

**AND NOW,** comes Thomas Waffenschmidt, Attorney for Plaintiffs and certifies that the foregoing **COMPLAINT** has been served upon the following, this _18_ day of _April_, 2016, by first class mail, postage prepaid:

Kawneer Company Inc.
Corporate Headquarters,
Kawneer North America
555 Guthridge Ct.,
Technology Park/Atlanta
Norcross, GA 30092

THE WAFFENSCHMIDT LAW FIRM, LLC

_____
Thomas Waffenschmidt, Esquire
I.D. No. 59214
Attorney for Plaintiffs:
Benjamin Hahn and Sherry Hahn
811 South Market Street
South Williamsport, PA 17702
Telephone: (570) 505-3015
Facsimile:  (570) 505-3569
E-mail:  Tom@waffenlaw.com